PER CURIAM.
We affirm the revocation of probation because the evidence is sufficient to prove a willful and substantial violation for failure to complete the program at a residential drug treatment center and failure to obtain prior consent before changing his residence. We also affirm the sentences imposed upon revocation of probation with regard to count I of case number 88-781 and count I of case number 95-122.[1]
We must reverse, however, the sentence imposed with regard to count II of case number 88-781. Appellant had served the statutory maximum period of five years’ imprisonment with regard to this count before being released on probation. Appellant was never placed on probation for this offense. Accordingly, the trial judge erred in sentencing appellant for this offense upon revocation of probation. On remand, we direct the trial court to correct what appears to be a clerical error in the judgment and sentence.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.

. We decline to address the issue of whether sentences imposed on January 29, 1996, were illegal. Appellant did not timely appeal the sentences to this Court.